IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

HOUSING OPPORTUNITIES PROJECT
FOR EXCELLENCE, INC.

    Plaintiffs

vs.

FLAGLER PLAZA CONDOMINIUM ASSOCIATION,
INC., THE KEYES COMPANY and LILIANA VALE

    Defendants
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW, the Plaintiff, HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC., by and through the undersigned counsel, hereby files this complaint against Defendants, FLAGLER PLAZA CONDOMINIUM ASSOCIATION, INC., THE KEYES COMPANY and LILIANA VALE, and in support states and alleges as follows:

1.    This action is brought to enforce provisions Florida Fair Housing Act, as codified in §760.20-760.37 of the Florida Statues, and Federal Fair Housing Act, 42 U.S.C. § 3604.

2.    The Plaintiff, HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC. (hereinafter HOPE), is a private, federally-funded, fair housing, Florida not-for-profit, 501 (c) 3 corporation established in 1988, one of three in Florida dedicated to eliminating housing discrimination and promoting fair housing. HOPE employs a three-tiered system of private enforcement, education, outreach and counseling to achieve its mission to fight housing discrimination in Miami-Dade and Broward Counties and ensure equal housing opportunity

throughout Florida. Its programs are designed to ensure that people are offered the right to select housing of their choice without discrimination based on race, religion, color, national origin, sex, disability, marital or familial status, or such other protected classes as may be conferred by federal, state or local laws. HOPE is the only private not-for-profit fair housing organization in Miami-Dade and Broward Counties engaged in testing for fair housing law violations and pursuing enforcement of meritorious claims.

3. Defendant FLAGLER PLAZA CONDOMINIUM ASSOCIATION, INC. (hereinafter referred to as "FLAGLER PLAZA") is a not for profit corporation organized to operate a residential community located in Miami-Dade County.

4. Defendant, THE KEYES COMPANY ("KEYES"), is a Florida Corporation, licensed and doing business in Miami-Dade County.

5. Defendant, LILIANA VALE ("VALE"), is an employee and agent of KEYES, and licensed Real Estate Agent and is *sui juris*.

6. KEYES and VALE are agents of FLAGLER PLAZA, however, all are persons with individual liability under the state and federal fair housing acts.

7. FLAGLER PLAZA has a total of 68 units and was created in 1973.

8. When creating the FLAGLER PLAZA development in 1973 the developer intended to exclude children under 13 years of age as follows:

> E. To make and amend a reasonable regulation respecting the use of the property in the condominium; provided, however, that all such regulations and amendments there shall be approved or, once approved cancelled by not less than 75 % of the votes of the entire membership of the Association before such shall become effective. Members not present at meetings considering such regulations or amendments thereto may express their approval in writing. **At the present time there are existing regulations that each apartment shall be occupied by a single family, such family to consist of adults and of minors thirteen (13) years of age or over. No minors under such age shall be permitted to reside in**

**any of the apartments in this condominium except that such minors, as guests, may be permitted to visit providing that such visits; cumulatively, shall not exceed forty-five (45) days during any one year.** For the purposes of this paragraph, the term "one year" shall be a period commencing on July 1st of any year and terminating June 30th of the following year.

9. On September 13, 1988 Congress amended the Fair Housing Act to prohibit, *inter alia*, housing practices that discriminate on the basis of familial status. 42 U.S.C. §§ 3601 et seq. In amending the Act, Congress recognized that "families with children are refused housing despite their ability to pay for it." H.R. Rep. No. 711, 100th Cong., 2nd Sess. (1988). In addition, Congress cited a HUD survey that found 25% of all rental units exclude children and that 50% of all rental units have policies that restrict families with children in some way. *See* Marans, *Measuring Restrictive Rental Practices Affecting Families with Children: A National Survey*, Office of Policy, Planning and Research, HUD, (1980). The HUD survey also revealed that almost 20% of families with children were forced to live in less desirable housing because of restrictive policies. Congress recognized these problems and sought to remedy them by amending the Fair Housing Act to make families with children a protected class.

10. The Fair Housing Act was amended in 1988 to prohibit, *inter alia,* housing practices that discriminate on the basis of familial status. 42 U.S.C. §§. 3601-19. "Familial status," as relevant to this case, is defined by the Act and the identical state and local laws as "one or more individuals (who have not attained the age of eighteen years) being domiciled with ... (1) a parent or another person having legal custody of such individual or individuals……*Id.* at § 3602(k); 24 C.F.R. § *100.20.*

11. Following the amendment of the Fair Housing Act in 1988, or the enactment of the State and Local laws prohibiting discrimination against families with children, FLAGLER PLAZA failed to remove this restriction or make attempts to comply with the Housing for Older

Persons Act of 1995. Instead, the FLAGLER PLAZA revised the rules and regulations in both 2004 and 2008, and did not revise the rules notwithstanding their facial illegality.

12. In 2020, Defendant LILIANA VALE was a licensed Real Estate Sales Associate with Defendant THE KEYES COMPANY in their Doral Office.

13. Defendant VALE and KEYES obtained the listing for a condominium unit within FLAGLER PLAZA at 160 SW 30th Ave. Unit 205A. It was on the market for $ 139,000 and described as follows:

> 1 bed 1 bath on a second floor, Excellent location. Walking distance to Flagler Street, mayor[sic] highways, restaurants and shopping centers. This cozy unit is located in a quiet and secure community with gated key access from every entry point. One secure parking spot. Very low condo fees include water/sewer. Nice balcony with view to[sic] big and beautiful trees. Very easy to show. Call listing agent foe showing instructions.

14. On September 11, 2020, Erico Ramirez saw the advertisement and was interested in purchasing Unit 205.

15. Mr. Ramirez was told by the listing agent that he would not be allowed to rent it for five years and no children under the age of 13 could live there. He was uncomfortable with the age restriction because it would be difficult for him and his wife if they decided to have a child after they moved in.

16. Mr. Ramirez met with Ms. Vale on September 12, 2020 and asked her for the written rules that indicated the 13-year-old minimum age restriction. She said that it was in an addendum that he could not have unless he was under contract to buy the condo.

17. Because Mr. Ramirez knew that discrimination against families with children was unlawful, he called HOPE, Inc. and reported the unlawful housing practice occurring at FLAGLER PLAZA on September 11, 2020.

18.     HOPE, Inc. engaged testers to call and determine whether the Defendants were engaged in an unlawful housing practice.

19.     On September 11, 2020, a HOPE tester called Defendant LILIANA VALE, and Ms. VALE made the following representations regarding the unit at FLAGLER PLAZA demonstrating a preference against families with children:

> "Look the apartment is available, it has a one bedroom one bath, it is in a very safe community, has gate all around, super quite people live there, it has to very important restriction: one is that it cannot live people younger than 13 year old, 13 and older yes but less than 13 no. That is one restriction and the other one is that however buy the property has to live there for five years before they are able to rent to anybody else. … It is because they do not want people to be coming in or out of the property and a lot of renters, lots of movement from other people. They like to maintain for all the people that live there for long time a clean area, very quiet."

20.     On September 14, 2020, HOPE consulted with a real estate professional on its investigation of the discriminatory policy.  Upon learning of the discriminatory policy, the realtor volunteered to contact the listing agent to make an inquiry.  The listing agent responded with a text that read, "Children under 13 are not allow to live in the unit.  13 and up are allow.  Buyer should live in the unit 5 years before renting out the unit.  Restrictions by association."

21.     On September 15, 2020, the real estate professional texted Defendant VALE and asked if she was sure the association was enforcing the age restriction.  Defendant VALE texted back, "Unfortunately yes.  They have an addendum with that clause."  The real estate agent was subsequently provided an email where Defendant VALE provided a copy of the declaration provision in stating the limitation for the property.

22.     HOPE conducted an educational campaign and sent flyers to each and every resident of the Community advising them of their rights under the Fair Housing Act.

23. The promulgation of unlawful housing practices at this specific site causes direct harm to the purposes of HOPE's mission to affirmatively further fair housing and to ensure that people are offered the right to select housing of their choice without discrimination based on familial status.

24. In addition, as described above, Plaintiff, HOPE has sponsored, promoted and organized numerous educational programs in Miami-Dade County. Said programs were funded and established in order to stop current housing discrimination and future housing discrimination. Defendants' discriminatory actions have frustrated Plaintiff's HOPE'S goal of promoting equality, nullified Plaintiff, HOPE'S numerous educational programs, and have forced Plaintiff, HOPE. to continue funding educational programs that would not have been necessary in the absence of Defendants' discriminatory actions.

25. As a result, the described discriminatory actions undertaken by all named Defendants have injured Plaintiff, HOPE by (a) interfering with the efforts and programs of Plaintiff HOPE which were intended to bring about equality of opportunity to minorities and others in housing; (b) forced HOPE to devote scarce resources to identify and counteract defendant's unlawful housing practices; and (c) interfered with the rights of HOPE's constituents in Broward county from enjoying the benefits of living in an integrated community and thereby frustrating HOPE's mission and purpose.

**INTENT OF THE DEFENDANTS**

26. FLAGLER PLAZA, VALE and KEYES, have training in and know that the age restrictions of the FLAGLER PLAZA violate the state and federal fair housing acts.

27. Despite this actual knowledge, FLAGLER PLAZA, VALE and KEYES continue to state preferences for residents based on their familial status, including denying sales and enforcing this unlawful preference.

28. Despite this actual knowledge, FLAGLER PLAZA, VALE and KEYES have and continue to publish orally and in writing that the Community does not permit children under 13 years of age.

29. Defendants' actions described above constitute a pattern, practice, and policy of housing discrimination on the basis of familial status. In engaging in such activities, Defendants have acted intentionally and recklessly violated Plaintiffs' civil rights and damaged the rights and feelings of all Plaintiffs.

30. Because Defendants continue to engage in the unlawful acts and the pattern or practice of discrimination described above. Plaintiffs have no adequate remedy at law. Plaintiffs are now suffering and will continue to suffer irreparable injury from defendants' acts and pattern or practice of discrimination based on familial status unless this Court provides further relief.

31. The Plaintiffs have retained the Disability Independence Group and the Law Office of Courtney Cunningham. and have agreed to pay them a reasonable fee for their services.

32. By printing and promulgating discriminatory occupancy standards for renting at FLAGLER PLAZA, the Defendants violated the Act "by making, printing or publishing, or causing to be made, printed or published statements and advertisements, with respect to the rental or sale of a dwelling that indicated a preference, limitation, or discrimination based on familial status."

33. By steering prospective buyers away from FLAGLER PLAZA, based on familial status, the Defendants violated the Act by restricting or attempt to restrict the choices of a person

by word or conduct in connection with seeking or renting a dwelling so as to perpetuate, or tend to perpetuate, segregated housing patterns, or to discourage or obstruct choices in a community, neighborhood or development.

34. Defendants' actions were in total and reckless disregard of Plaintiff's rights.

35. As a result of the Defendants' actions, Plaintiff have suffered damages.

WHEREFORE, Plaintiffs, HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC. demands judgment against the Defendants, Defendants, FLAGLER PLAZA CONDOMINUM ASSOCIATION, INC., THE KEYES COMPANY and LILIANA VALE, to enjoin Defendants from discriminating against Plaintiff and its testers herein, and preventing discrimination to other persons based upon familial status in the future as follows:

a. That the Court declare that the actions of the Defendants violated the Fair Housing Amendments Act by discriminating against families with children;

b. That the Court declare that the provision of the Declaration of Condominium that restricts residency to children thirteen (13) years of age unenforceable, discriminatory and unlawful;

c. That the Court enjoin Defendants from discriminating against Plaintiff's tester or any other person, because of because of their familial status;

d. That the Court award appropriate compensatory and punitive damages to Plaintiff HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC. and against Defendants to compensate it for the drain on its resources that can be reasonably attributed to the frustration of H.O.P.E., INC.'s purpose of enforcing

    the Fair Housing laws in Florida and to educate the public to combat the effects of the discrimination perpetrated to such victims of housing discrimination;

e. That the Court declare that the Defendants' acts were willful and wanton and in reckless disregard of the Plaintiffs' civil rights under law;

f. That the Court order Defendants to provide a notice to all owners and tenants of FLAGLER PLAZA their rights under the Fair Housing Act, including their right to have children reside in the premises;

g. That the Court order Defendant THE KEYES COMPANY. to provide notices to all residents of all properties in which they market of rights under the Fair Housing Act;

h. That the Court order that the Defendants instruct all of its employees, agents, independent contractors and/or other persons who deal with the rental or management of any and all housing currently managed and/or controlled by Defendants, of the terms of the Court's Order and the Fair Housing Act, Fair Housing Act and implementing regulations;

i. That the Court order that the Defendants shall maintain for inspection by Plaintiffs and all other tenants or owners at its condominium offices, copies of the Fair Housing Act, Fair Housing Amendments Act and implementing regulations;

j. Find that Plaintiffs are entitled to an award of attorneys' fees and costs, and reserve ruling as to the amounts and the applicable multiplier until the conclusion of the trial on this matter;

k. And grant any other such relief as this Court deems just and equitable.

HOPE, Inc. v. FLAGLER PLAZA
COMPLAINT

WHEREFORE, Plaintiffs, HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC. demands judgment against the Defendants, FLAGLER PLAZA CONDOMINUM ASSOCIATION, INC., THE KEYES COMPANY and LILIANA VALE, and to enjoin Defendants from continuing to violate the Fair Housing Act, and prevent discrimination to other persons based upon familial status in the future, and award appropriate injunctive relief, compensatory, punitive damages, and attorneys fees and costs.

PLAINTIFFS DEMAND A TRIAL BY JURY FOR ALL ISSUES FOR WHICH A TRIAL BY JURY IS PERMITED.

Respectfully submitted this 5th day of November, 2020

By: */s/ Matthew W. Dietz*
MATTHEW W. DIETZ, ESQ.
Florida Bar No.: 0084905
Disability Independence Group, Inc.
2990 Southwest 35th Avenue
Miami, Florida 33133
Tel: (305) 669-2822
Fax: (305) 442-4181
Mdietz@justDIGit.org
 aa@justdigit.org

*Counsel for Plaintiff*

By: */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, FL 33156
T:  305-351-2014
cc@cunninghampllc.com

*Counsel for Plaintiff*